# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RICHARDS,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No. 1:26-cv-04246-SAB-HC<br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION FOR EMERGENCY MEDICAL REVIEW<br>(ECF Nos. 1, 3)<br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Federal Habeas Jurisdiction**

In the petition, Petitioner asserts that upon his transfer to FCI Mendota, Petitioner's Hepatitis C treatment was interrupted or discontinued, he has not received proper evaluation or treatment following his "stroke or TIA-like medical event," he has experienced repeated interruptions of prescribed medication, including Lipitor, and he has spent time in the Special Housing Unit ("SHU") without clear medical monitoring for his condition. (ECF No. 1 at 3.[2]) Petitioner requests the Court to order the Federal Bureau of Prisons "to provide immediate medical evaluation by a qualified physician," restore prescribed medications without interruptions, and order appropriate medical monitoring and follow-up care regarding Petitioner's stroke and Hepatitis C. (Id. at 4.)

A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). See Shook v. Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241).

In Pinson v. Carvajal, 69 F.4th 1059 (9th Cir. 2023), two federal prisoners "challenge[d] the dismissals of their habeas corpus petitions in which they asserted that their incarceration during the COVID-19 pandemic violated the Eighth Amendment and sought release from custody." Pinson, 69 F.4th at 1062. Holding that "the relevant question is whether, based on the

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

allegations in the petition, release is *legally required* irrespective of the relief requested," the Ninth Circuit found that "Sands has failed to allege facts to support his legal contention that his detention was unlawful because no set of conditions exist that would cure the constitutional violations." Id. at 1072, 1075. "Because Sands's claims lie outside the historic core of habeas corpus . . . the district court properly found it lacked jurisdiction to hear Sands's petition." Id. at 1075. Subsequently, the Ninth Circuit has stated that "Pinson solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024).

"[A]llegations that continued custody poses a substantial risk of serious harm, without more, do not state a habeas claim when the asserted constitutional violation is the alleged inadequacy of medical care and remedial measures short of release would address any such circumstance." Boscan v. Becerra, No. 1:26-CV-00651-KES-SAB, 2026 WL 310093, at *2 (E.D. Cal. Feb. 5, 2026). Accordingly, the Court recommends finding that Petitioner is not entitled to habeas relief on this ground.

**B. Conversion to Civil Rights Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). See Fiorito v. Entzel, No. 18-55188, 2020 WL 5888131, at *2 (9th Cir. Oct. 5, 2020) (applying Nettles to determine whether district court should have converted § 2241 petition to a Bivens civil rights complaint). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the Court finds that it would be inappropriate to construe the habeas petition

as a civil rights complaint. The Court notes that the filing fee for regular civil cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1). Moreover, the petition names only the Warden as the Respondent and thus, may not name the correct defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

This conclusion, however, does not preclude Petitioner from pursuing his claim in a properly filed civil action. See Ogden v. Bureau of Prisons, No. 2:24-CV-3386-SCR, 2025 WL 1900002, at *1 (E.D. Cal. June 18, 2025) ("[F]ederal prisoners complaining of unconstitutional treatment or other injury may pursue damages against a federal official in his or her individual capacity under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) or against the United States under the Federal Tort Claims Act. Federal prisoners may also seek injunctive relief to compel compliance with the U.S. Constitution pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act's waiver of sovereign immunity."), report and recommendation adopted, 2025 WL 2443683 (E.D. Cal. Aug. 25, 2025). See also Roman v. Wolf, 977 F.3d 935, 941 (9th Cir. 2020) (noting that § 1331 provides jurisdiction over claims for injunctive relief based on constitutional violations); Solida v. McKelvey, 820 F.3d 1090, 1096 (9th Cir. 2016) (noting that a plaintiff "seek[ing] equitable relief against the federal government" may proceed under 5 U.S.C. § 702, which "waives sovereign immunity for such claims").

**II.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED for lack of jurisdiction; and
2. The motion for emergency medical review (ECF No. 3) be DENIED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

///

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge